# EXHIBIT 1

FEB 02 2010

Delridge Corporation (800) 530-2255
Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

**STATE OF MICHIGAN**

| 16th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | CASE NO.<br>11-        -NF |
|---|---|---|---|

11 - 0 4 4 9 - N F

Court Address
40 N Main St, Mt Clemens, MI 48043

Court telephone no.
(586) 469-5120

Plaintiff name(s), address(es) and telephone no(s).
Greater Lakes Ambulatory Surgical Center, PLLC d/b/a
Endosurgical Center at Great Lakes, and Greater
Lakes Anesthesia, PLLC

V

Defendant name(s), address(es), and telephone no(s).
State Farm Mutual Automobile Insurance Company
RA: Dianne Lerman, VP - Operations
5528 Portage Rd
Portage, MI 49002

**SFCC RECEIVED**

**FEB 17 2011**

22-A994-C39

Plaintiff attorney, bar no., address, and telephone no.
Christopher S. Varjabedian (P34744)
29777 Telegraph Rd, Ste 2175
Southfield, MI 48034
(248) 355-0000

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan, you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>FEB - 1 2011 | This summons expires*<br>- MAY - 3 2011 | Court clerk<br>Camille Adays |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are: _____ Court.

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are: _____ Court.

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Macomb County, MI | Defendant(s) residence (include city, township, or village)<br>Macomb County, MI |
|---|---|

Place where action arose or business conducted
Macomb County, mi

February 1, 2011
Date

Signature of attorney/plaintiff (Christopher S. Varjabedian (P34744)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (6/04) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

OFN: 3770.44

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

GREATER LAKES AMBULATORY SURGICAL
CENTER, PLLC d/b/a ENDOSURGICAL CENTER
AT GREAT LAKES, and GREATER LAKES
ANESTHESIA, PLLC,

        Plaintiffs,

V

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

11 - 0 4 4 9 - N F

Case No. 11-     -NF

RECEIVED
FEB 0 1 2011
CARMELLA SAB____  __
MACOMB CO____ ____

**VARJABEDIAN ATTORNEYS, P.C.**
By:  Christopher S. Varjabedian (P34744)
     S. Jenna Dabaja (P54384)
Attorneys for Plaintiffs
29777 Telegraph Road, Suite 2175
Southfield, Michigan 48034
(248) 355-0000

_____/

# COMPLAINT

*THERE IS NO OTHER PENDING OR RESOLVED CIVIL
ACTION ARISING OUT OF THE TRANSACTION OR
OCCURRENCE ALLEGED IN THIS COMPLAINT.*



NOW COME Plaintiffs, Greater Lakes Ambulatory Surgical Center, PLLC d/b/a Endosurgical Center at Great Lakes and Greater Lakes Anesthesia, PLLC, by and through their attorneys, Varjabedian Attorneys, P.C., and state as their Complaint as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs are medical providers with their principal places of business located in Macomb County, Michigan.

2. Plaintiffs carry on a continuous and systematic portion of their general business in Wayne County, Michigan.

3. Defendant insurance company is a Michigan corporation duly authorized and licensed to do business in the State of Michigan and with a principal place of business located in Wayne County, Michigan.

4. The amount in controversy exceeds Twenty-Five Thousand ($25,000) Dollars, exclusive of interest, costs, and attorney fees.

5. On or about May 22, 2009, Holly Nowland (hereafter the patient) sustained accidental bodily injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle.

6. At all times pertinent hereto, plaintiffs lawfully rendered treatment to the patient and provided products and services through health care professionals licensed as such by the State of Michigan.

7. On information and belief, at the time of the motor vehicle collision, the patient was an insured of State Farm Mutual Automobile Insurance Company pursuant

2

to a policy of no-fault automobile insurance. Claim Number 22A994639 and/or some similar number was assigned by the defendant to the claim of and concerning the patient for personal injury protection benefits.

8.  On information and belief, defendant insurance company was promptly notified of the accident, the injuries sustained by the patient, and the need for medical and related care, product and services for said injuries.

9.  As a consequence of said accident and injuries, the patient sought and/or received product and services of the plaintiffs.

10. The plaintiffs provided medical and related product and services to the patient. Said services are detailed in five pages of statements bearing the dates 1/14/2010, 2/2/2010, 2/16/2010, 3/2/2010, and 5/26/2010. Copies of all such statements are attached hereto as Exhibit A and made a part hereof.

11. The plaintiffs charged a reasonable amount for the products and services and the amount charged did not exceed the amount the plaintiffs customarily charge for like products and services.

12. The product and services provided by the plaintiffs were reasonably necessary product and services provided for the patient's care, recovery, or rehabilitation.

13. Defendant was timely notified of the medical services rendered by the plaintiffs and the costs of the services rendered.

## COUNT I – BREACH OF STATUTORY DUTY

14. Plaintiffs incorporate all of the foregoing allegations by reference.

15. Plaintiffs are claimants within the meaning of MCL 500.3112 *et seq.*

3

16. Defendant is liable for benefits to plaintiffs because the plaintiffs rendered services for the benefit of the patient.

17. Plaintiffs, as medical providers who rendered product and services for the benefit of the patient, are entitled to a direct cause of action for payment of the product and services rendered pursuant to MCL 500.3112 *et seq.*

18. Plaintiffs have submitted reasonable proof of the amount of the loss sustained as required by MCL 500.3142.

19. Defendant has failed to provide personal protection insurance benefits in the form of payment to the plaintiffs which are now overdue. MCL 500.3142.

20. The defendant insurer unreasonably refused to pay the claims of the plaintiffs and has unreasonably delayed in making proper payment, violating MCL 500.3148, entitling the plaintiffs to the recovery of attorney fees.

21. Plaintiffs are entitled to personal protection insurance benefits owing, in the form of payment for the product and services rendered to the patient, interest on overdue payments in the amount of 12% per annum, MCL 500.3142, judgment interest in the amount allowable by law, and attorney fees pursuant to Michigan's No-Fault Act, MCL 500.3148.

## COUNT II – BREACH OF CONTRACT -THIRD PARTY BENEFICIARY

22. Plaintiffs incorporate all of the foregoing allegations by reference.

23. Prior to and including the time of the motor vehicle collision, the patient and Defendant State Farm Mutual Automobile Insurance Company were parties to an insurance contract, specifically a contract for Michigan No-Fault Insurance.

4

24. Said insurance contract is in the possession of adverse parties, State Farm Mutual Automobile Insurance Company and/or the patient, and is inaccessible to the plaintiffs at this time.

25. On information and belief, said insurance contract was made in conformance with the Michigan No-Fault Act, MCL 500.3100 *et seq.*

26. On information and belief, valuable consideration was exchanged in return for the execution of the aforementioned insurance contract including, but not limited to, personal protection insurance benefits.

27. Plaintiffs, as claimants within the meaning of MCL 500.3112, are intended third-party beneficiaries of the aforementioned insurance contract because they provided product and services that were reasonably necessary for the patient's care, recovery, or rehabilitation.

28. State Farm Mutual Automobile Insurance Company is in breach of contract for failure to make payment of the medical expenses incurred by the patient, causing loss to Plaintiffs.

29. As a result of State Farm Mutual Automobile Insurance Company's breach of the insurance contract, Plaintiffs have suffered damages including, but not limited to, non-payment for the product and services rendered to the patient and attorney's fees.

## COUNT III – BREACH OF CONTRACT-ASSIGNMENT

30. The patient and the defendant are parties to a contract of insurance, either by directly entering into the contract or by operation of the Michigan no-fault

5

statute. MCL 500.3101 *et seq.*

31. Alternatively, the patient is the third party beneficiary of a contract of insurance entered into by the defendant and its insured. Said insurance contract is in the possession of defendant and is inaccessible to the plaintiffs at this time.

32. The patient assigned her rights as beneficiary of the contract to the plaintiffs. Exhibit B (five written assignment).

33. The defendant breached the contract by failing to pay benefits owing under the contract to the plaintiffs.

34. The defendant's breach of the contract has caused plaintiffs to suffer damages, namely the amount owing under the contract for medical products and services

## COUNT IV – DECLARATORY RELIEF

35. Plaintiffs incorporate all of the foregoing allegations by reference.

36. Plaintiffs seek a declaration of rights among the parties that the plaintiffs are the owner of any and all claims against State Farm Mutual Automobile Insurance Company, for services rendered by the plaintiffs, to the patient, arising out of the aforementioned automobile accident.

WHEREFORE, Plaintiffs, Greater Lakes Ambulatory Surgical Center, PLLC d/b/a Endosurgical Center at Great Lakes and Greater Lakes Anesthesia, PLLC, demand judgment for $167,402.08, plus interest on overdue payments in the amount of 12% per annum until paid, MCL 500.3142, judgment interest in the amount allowable by law, and attorney fees pursuant to Michigan's No-Fault Act, MCL 500.3148, none of which are a sum certain at this time or could be made a sum certain by computation at this time.

6

Respectfully Submitted,
VARJABEDIAN ATTORNEYS, P.C.

Christopher S. Varjabedian (P34744)
Attorney for Plaintiffs

Dated: February 1, 2011