UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GREATER LAKES AMBULATORY SURGICAL
CENTER, PLLC, et al.,

      Plaintiffs,

v.                                                                       Case No. 11-11003

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
                                                       /

**ORDER CONDITIONALLY GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S "MOTION TO AMEND/CORRECT SCHEDULING ORDER . . ."**

     Pending before the court is Plaintiffs Greater Lakes Ambulatory Surgical Center, PLLC, Greater Lakes Anesthesia, PLLC, and Michigan Institute of Pain and Headache, P.C.'s "Motion to Amend/Correct Scheduling Order . . . ."  In accordance with the court's scheduling order in this matter, Plaintiffs and Defendant were to produce all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) not later than August 5, 2011.  Plaintiffs failed to disclose the report of their expert, Dr. Louis Radden, by August 5, 2011, and on September 6, 2011, filed a motion seeking an amendment to the scheduling order to extend the deadline to disclose expert reports and the discovery deadline.  On September 16, 2011, Defendant State Farm Mutual Automobile Insurance filed a response opposing Plaintiffs' motion.  The court held a telephone conference with counsel for Plaintiffs and Defendant on September 21, 2011, at which time counsel agreed to allow Plaintiffs to produce its expert's report on the condition that Defendant be able to depose Dr. Radden at a time and place established, in good faith, by

Defendant. Therefore, the court will conditionally grant in part and deny in part Plaintiffs' motion.

Under Federal Rule of Civil Procedure 6, where the time has expired for a party to complete an act that must be done in a specified time, a court may extend the time to complete the act "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court, interpreting a similar "excusable neglect" standard in the Federal Rules of Bankruptcy Procedure, held that the excusable neglect determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

In the telephone conference, the parties agreed that any potential prejudice to Defendant could be mitigated by permitting Defendant to depose Dr. Radden after Plaintiffs produce the expert witness's report. Further, the parties concurred in the court's assessment that no other deadlines in the scheduling order, specifically the discovery and dispositive motion deadlines, would need to be extended as a result of extending the deadline for production of Rule 26(a)(2)(B) reports.

Even though Plaintiffs' neglect is a result of their counsel's admitted inadvertent and negligent failure to meet the deadline, a court is permitted "to accept late filings caused by inadvertence, mistake, or carelessness . . ." in appropriate cases. *Pioneer Inv. Servs. Co.,* 507 U.S. at 381; *see also Raymond v. Int'l Bus. Machs. Corp.,* 148 F.3d

2

63, 66 (2nd Cir. 1998) ("[M]ere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)"). Here, there is no evidence that Plaintiffs' counsel acted willfully or in bad faith to disadvantage Defendant, and Defendant will not be prejudiced by the untimely production because he will have an opportunity to depose Dr. Radden. In light of the circumstances surrounding counsel's failure to produce the expert witness's report, the motion will be granted extending the deadline to produce Rule 26(a)(2)(B) reports from August 5, 2011 to September 27, 2011, on the condition that Plaintiffs make available their expert witness for deposition in the next three weeks. The court expects that counsel for Plaintiffs and Defendant will mutually agree on a convenient time and place for the deposition, but if counsel are unable to mutually agree, Defendant may establish, in good faith, the time and place of the deposition of Plaintiffs' expert. In the event that Defendant is unable to depose Plaintiffs' expert, the court will deny Plaintiffs' motion, and Plaintiffs' expert will be unavailable for any future purpose in this matter. Accordingly,

IT IS ORDERED that Plaintiffs' "Motion to Amend/Correct Scheduling Order . . ." [Dkt. #24] is CONDITIONALLY GRANTED IN PART and DENIED IN PART. It is CONDITIONALLY GRANTED IN PART with respect to Plaintiffs' request to extend the deadline for production of Rule 26(a)(2)(B) expert witness reports. The parties will have until **September 27, 2011** to produce expert witness reports required by Rule 26(a)(2)(B). If Defendant is unable to depose Plaintiffs' expert witness, the court will ultimately deny this portion of Plaintiffs' motion.

IT IS DENIED with respect to Plaintiffs' request to extend the discovery deadline.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: September 26, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 26, 2011, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522