UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GREATER LAKES AMBULATORY SURGICAL
CENTER, PLLC, et al.,

      Plaintiffs,

v.                                              Case No. 11-11003

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
                                          /

**ORDER DENYING PLAINTIFFS' "MOTION TO COMPEL
DEPOSITION TESTIMONY . . ."**

      Pending before the court is Plaintiffs' "Motion to Compel Deposition Testimony . . . ." The court conducted a telephone status conference on September 21, 2011, at which time the parties resolved a discovery dispute related to Plaintiffs' expert witness Dr. Louis Radden. On the following day, September 22, 2011, Plaintiffs filed the instant motion[1] seeking: (1) to compel the deposition of Defendant's expert, Dr. Eugene Mitchell; (2) to declare that Dr. Mitchell is not entitled to an expert witness fee; and (3) alternatively, if Dr. Mitchell is entitled to a fee, an order setting Dr. Mitchell's fee at $150 per hour. Plaintiffs allege that Defendant's counsel has stated that Dr. Mitchell will not appear at a deposition scheduled for September 29, 2011, unless Plaintiffs tender, prior to the deposition, a monetary amount equivalent to one hour of Dr. Mitchell's expert witness fee. (Mot. 6.) Having reviewed the motion, the court concludes a hearing on

---

      [1] The court is left wondering why the issue presented here was not discussed and resolved during the September 21 telephone conference.

the matter is unnecessary.  See E.D. Mich. LR 7.1(f)(2).  For the following reasons, the court will deny Plaintiffs' motion.

Under Federal Rule of Civil Procedure 26, Plaintiffs may depose Dr. Mitchell, but must also pay him reasonable expenses related to his deposition.  Rule 26 permits a party to depose "any person who has been identified as an expert whose opinions may be presented at trial."  Fed. R. Civ. P. 26(b)(4)(A).  "Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ."  Fed. R. Civ. P. 26(b)(4)(E)(i).  Plaintiffs argue that they are not required to pay Dr. Mitchell because the deposition is meant "solely to inquire about facts surrounding his financial relationship with defendant and bias," and Plaintiffs' counsel will not ask any questions related to the area of Dr. Mitchell's expertise.  Such a delineation is not supported by Rule 26.  Rule 26(b)(4)(E) does not distinguish between the types of questions that may be posed to an expert witness at a deposition.  Instead, it states in clear and unequivocal terms that "the court must require" the party seeking the deposition of an expert witness who may testify at trial to pay reasonable fees to the expert unless manifest injustice would result.  Plaintiffs have not shown that manifest injustice will result from having to compensate Dr. Mitchell.  Therefore, Plaintiffs may depose Dr. Mitchell, but may not do so free of charge.

Plaintiffs also argue that Dr. Mitchell should be compelled to attend the deposition even if they do not tender $1,200 prior to the deposition as requested by Defendant's counsel.  Rule 26 does not establish whether an expert should be compensated prior to, during, or after a deposition, presumably believing that attorneys

can, at a minimum, agree on a time of payment for an expert witness. The court declines to establish a payment schedule for the parties and will not compel the expert's attendance. However, the court will reiterate a condition it placed on Plaintiffs' untimely production of their expert's Rule 26(a)(2)(B) report: In the event that a party is unable to depose the opposing party's expert because of a lack of good faith on the part of the proposing party, the expert witness will be deemed unavailable for any further purpose in this case. With that said, the court is reasonably confident that counsel will be able to agree on a method to compensate Dr. Mitchell without any further guidance.

Plaintiffs final request is an order establishing Dr. Mitchell's hourly rate at $150. Under Rule 26(b)(4)(E), the party seeking discovery from an expert witness must pay a "reasonable fee." Plaintiffs contend that Dr. Mitchell's hourly rate ($1,200 for the first hour and $1,000 for each subsequent hour of the deposition) is excessive, and that an hourly rate of $150 is reasonable. During the conference with the court one day before asserting their claim about Dr. Mitchell's hourly rate, Plaintiffs acknowledged that *their* expert witness, Dr. Radden, requested an hourly rate of $2,000 from Defendant. The court lacks a sufficient basis to establish a reasonable hourly rate Dr. Mitchell may charge Plaintiffs for his deposition, but is confident that in light of Plaintiffs' expert's request of an hourly rate of $2,000 (a rate accepted by Defendants, as the court recalls), Plaintiffs' suggestion of $150 per hour is inconsistent with sound judgment. In the telephone conference, the parties resolved Defendants' objections to Plaintiffs' expert's hourly rate by agreeing to work out a rate that was acceptable to both parties, and the court anticipates, indeed expects, that the parties will achieve a similar result in this discovery issue. In the event counsel are unable adequately to resolve this issue, a

party may file a motion asking the court to establish a reasonable fee. In such event, the court will do so, and will no doubt also consider whether costs and attorney fees should be imposed. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Compel Deposition Testimony . . ." [Dkt. # 30] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: September 28, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2011, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522