UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREATER LAKES AMBULATORY SURGICAL
CENTER, PLLC, et al.,

    Plaintiffs,

v.                                       Case No. 11-11003

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
                                             /

**OPINION AND ORDER DENYING PLAINTIFFS'
"MOTION TO STRIKE . . . [AND] MOTION TO COMPEL"
AND DENYING DEFENDANT'S REQUEST FOR SANCTIONS**

On October 4, 2011, Plaintiffs moved to strike Defendant's objections to certain requests for production and Plaintiffs' notice of a Federal Rule of Civil Procedure 30(b)(6) deposition and to compel the production of the requested information. Defendants filed a response on October 17, 2011. Contained within Defendant's response was a request—a motion, in essence—for sanctions in the form of costs and fees. The court held a hearing on October 26, 2011. For the reasons stated below, the court will deny both Plaintiffs' motions and Defendant's request for sanctions.

**I. BACKGROUND**

Plaintiffs are medical providers who allegedly rendered services to Holly Nowland to treat injuries sustained in an automobile accident. Ms. Nowland was insured by Defendant under Michigan's no-fault insurance law. Plaintiffs have sued Defendant to recover charges for their services, alleging that Defendant withheld payment after erroneously determining that the services provided to Ms. Nowland were not reasonable

or necessary.  According to Plaintiffs, under Michigan's no-fault insurance law, medical providers bear the burden of proving that their charges are reasonable and necessary.  To satisfy this burden, Plaintiffs argue that "it is appropriate to look at charges that are made by other medical providers [to Defendant] . . . ."  (Pls.' Mot. at 5.)

Plaintiffs served Defendant with two discovery requests seeking the production of information detailing the charges other medical providers in Michigan submitted to Defendant for the same medical procedures rendered to Ms. Nowland.  In a request to produce served on July 26, 2011, Plaintiffs sought from Defendant "all *charges* for medical products, services or accommodations delineated by *CPT codes* with *modifiers* (if any) for the *period*.  With response to each *charge*, produce insurer's *explanation*.  Redact the identity of the patient and replace the name with a unique code."  (Pls.'Mot. Ex. B at 4 (emphasis in original).)  Plaintiffs defined the italicized words in the above-quoted language to ostensibly limit the scope of their request.  Plaintiffs also subsequently served Defendant with a "Notice of Taking Deposition" pursuant to Rule 30(b)(6) on August 30, 2011, requesting Defendant produce a corporate representative with knowledge of "[t]he charges by other medical providers in Michigan for the same CPT codes used in plaintiffs' bills to defendant attached to the pleadings . . . and the amounts approved and paid by defendant."  (Pls.' Mot. Ex. C at 3.)

Defendant objected to Plaintiffs' discovery requests, arguing, *inter alia*, that the requests are beyond the scope of the lawsuit, not reasonably calculated to lead to admissible evidence, irrelevant, unduly burdensome, vague, and overbroad.  Plaintiffs moved to strike Defendant's objections and sought an order compelling Defendant's compliance with the requests.

## II. STANDARD

The Federal Rules of Civil Procedure contemplate broad discovery. Rule 26(b)(1) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1)'s broad scope, however, is tempered by Rule 26(b)(2), which grants "district courts . . . discretion to limit the scope of discovery where the information sought is overly broad or would prove burdensome to produce." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). Rule 26(b)(2)(c) further mandates the court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

## III. DISCUSSION

Defendant now concedes that "the charges for medical services provided by other medical facilities [are] relevant to the issue of whether Plaintiffs' charges are reasonable as required by M.C.L. 500.3107 and M.C.L. 500.3157," but argues that medical information related to "injured individuals who are not parties to this litigation is irrelevant." (Def.'s Resp. at 9.) Defendant's chief concern in this respect appears to be the possibility of producing medical information that Defendant is purportedly barred from producing because it obtained the information through the nonparty individual's

consent or because the information is protected by the physician-patient privilege. (*See* Def.'s Resp. at 9 n.5.) Without ruling on this issue, the court acknowledges Defendant's concern. However, were the court to grant Plaintiffs' motion, a simple method for addressing this issue exists. Judge David Lawson, in a previous discovery order in this matter, addressed a similar concern expressed by Defendant by requiring that "[a]ny document produced . . . in response to the request for production or the subpoena that would reveal the identity of examinees in other cases unrelated to the . . . matters before the Court should be redacted to delete reference to the subjects' names." (09/29/2011 Order.)[1] A similar method of redaction could theoretically be used to ease Defendant's concern.

It is unnecessary, however, to implement the redaction procedure, because Defendant has demonstrated that compliance with Plaintiffs' requests would prove unduly burdensome. Therefore, Defendant is entitled to the protection of the court. To support its objection that the requested discovery would be unduly burdensome, Defendant proffers the deposition testimony of its claim representative, Kate Burns. (*See* Def.'s Resp. Ex. B.) Burns testified that the information Plaintiffs sought was not readily searchable in Defendant's computer systems, because Defendant does not track

---

[1] On September 27, 2011, Defendant filed a motion to quash a subpoena Plaintiffs served on Defendant's expert, Dr. Eugene Mitchell, and sought a protective order limiting the scope of Dr. Mitchell's deposition. Defendant simultaneously filed substantially similar motions in cases involving the same parties before Judges Lawson and Avern Cohn. In the interest of judicial economy, the motions were consolidated, and Judge Lawson issued a joint order granting in part, and denying in part, Defendant's motions. (*See* 09/28/2011 Order; 09/29/2011 Order.)

and maintain the charges medical providers submit in the usual course of business.[2] (*See id.* at 96.)  Defendant's compliance with Plaintiffs' requests would require Defendant to review "each individual [claim] file . . . to pull out [the requested] information"; Burns estimated that Defendant would need to review "hundreds of thousands of claims." (*Id.* at 63.)  Further compounding the burden of reviewing this staggering number of claim files is the fact that the files are stored as images and are not in a searchable database, thus precluding Defendant from executing targeted searches to identify the requested information.  (*Id.*)  Counsel for both parties agreed during oral arguments that the cost associated with reviewing each claim file to procure the requested information would be at a minimum tens-of-thousands of dollars, and could easily eclipse $100,000.

The cost-benefit analysis contemplated by Rule 26(b)(2)(C)(iii) weighs against granting Plaintiffs' motion.  The court acknowledges Plaintiffs' need to establish the reasonableness of its charges, but concludes that the likely benefit of the requested information is substantially outweighed by the burden and expense of producing it.  Here, the amount in controversy in this matter is approximately $167,000, exclusive of interest and attorney's fees. (*See* Second Am. Compl. at 6.)  Ordering Defendant to

---

[2] Defendant has contracted with a third-party vendor, Mitchell Medical, to compile and track the charges medical providers submit to Defendant.  According to Burns, when Defendant is billed by a medical provider, a third-party (who's name was unknown to Burns during the deposition) electronically keys the billing information, including CPT codes and the amount charged, into a form.  This third-party vendor submits the information to Mitchell Medical, and Mitchell processes the information through its "pricing system."  (Def.'s Resp. Ex. B at 96.)  Mitchell then presents Defendant with the "usual and customary rates" for each CPT code, which is the information maintained by Defendant.  (Def.'s Mot. at 12.)  Defendant states that it produced the "usual and customary rates" for each CPT code Plaintiffs' identified in its requests.  (*Id.* at 13.)

produce the requested information at a potential expense of $100,000 does not comport with the mandate in Rule 26(b)(2)(c).  Further, prior to the close of discovery, Plaintiffs could have pursued alternative avenues of discovering the information it sought.  In its September 16, 2011 answers to Plaintiffs' request to produce, Defendant indicated that the requested information is "maintained by Mitchell," and that Defendant "does not maintain the requested information."  (Pls.' Mot. Ex. B at 3.)  Despite learning that Mitchell Medical maintained the information it requested, Plaintiffs failed to serve a third-party subpoena prior to the close of discovery.  Defendant should not be required to engage in labor and resource intensive discovery after the close of discovery merely because Plaintiffs failed to subpoena a third-party identified by Defendant as maintaining the request information.  Thus, the court will deny Plaintiffs' motion.

In its response, Defendant makes a perfunctory request for the costs and fees associated with responding to Plaintiffs' motion without proffering any grounds on which it is entitled to reimbursement.  Thus, Defendant's request for costs and fees will also be denied.

### IV. CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion to Strike . . . [and] Motion to Compel" [Dkt. # 38] are DENIED.

IT IS FURTHER ORDERED that Defendant's request for sanctions in the form of costs and fees, found within its October 17, 2011 response [Dkt. # 41], is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2011


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 3, 2011, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522